IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11cv747-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff, Cynthia Jones, applied for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*. Her application was denied at the initial administrative level on December 5, 2008. Tr. 12. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"), held on March 15, 2010. Tr. 25. Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled since September 17, 2008, the date the application was filed. Tr. 21. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. Tr. 1-5. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9).  Based on the court's review of the record and the briefs of the parties, the court concludes that the decision of the Commissioner must be reversed and this case remanded with directions to award benefits.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-five years old at the time of the hearing before the ALJ.  Tr. 28. Plaintiff attended special education classes and received a high school diploma after completing the special education requirements for graduation.  Tr. 254.  Plaintiff's past relevant work experience was as an "Institutional Cleaner," "Food Services Worker, Hospital," "Cook Helper," and "Housekeeping/Cleaner."  Tr. 36.  Following the administrative hearing, and employing the five-step process, the ALJ found that Plaintiff has "not engaged in substantial gainful activity since September 17, 2008, the application date." (Step 1) Tr. 14.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "major depression; mild mental retardation; and gastroesophageal reflux disease (GERD)."  Tr. 14.  At Step 3, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  *Id.*  Next, the ALJ found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  the need for frequent posturals; and limited to jobs which are simple, repetitive and routine.  She would work better with things rather than with people."  Tr. 16.  The ALJ then found that Plaintiff "is capable of performing past relevant work as a cleaner; food service worker; cook's helper; and housekeeper.  This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity."  (Step 4)

5

Tr. 21.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . since September 17, 2008, the date the application was filed."  *Id.*

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents one issue for this court's consideration in review of the ALJ's decision:  whether "[t]he ALJ failed to develop the record by not making a proper determination as to whether Plaintiff met the requirements of Listing 12.05C at 20 CFR Part 404 subpart P, Appendix 1."  Pl.'s Br. (Doc. 12) at 8.

## V. DISCUSSION

### *Whether the ALJ failed to properly apply listing 12.05C.*

Plaintiff argues that "the ALJ's failure to find that she met the second prong of Listing 12.05C shows a failure to develop the record and that the ALJ failed to look fully into the issues regarding this listing."  Pl.'s Br. (Doc. 12) at 11.  Plaintiff asserts that the ALJ's decision should be reversed and she should be awarded benefits because "she has a lifelong history of meeting the first prong of Listing 12.05C" as well as "other impairments of gastroesophageal reflux disease and depression."  *Id.* at 11-12.

Under the regulations, mental retardation is defined as a "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05.  If a claimant satisfies the introductory paragraph, in order to meet the listing for mental retardation, the

claimant must also meet one of the four requirements described in subparagraphs A through D. A claimant meets the requirements of subparagraph C by presenting evidence of "[a] valid verbal, performance, or full scale IQ of 60 through 70 ***and*** a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05C (emphasis added). Thus, taken together, in order to establish disability under Listing 12.05C, a claimant must satisfy three criteria: 1) significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22; 2) a valid verbal, performance, or full scale IQ score of 60 to 70; and 3) a physical or other mental impairment imposing an additional and significant work-related limitation of function.

The court finds that Plaintiff satisfies the introductory paragraph of the listing for mental retardation. First, in evaluating whether Plaintiff met the requirements of mental retardation as set forth in Listing 12.05, the ALJ stated, "[t]he claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.05." Tr. 14. The ALJ then immediately began to analyze the requirements of paragraphs A, B, C, and D following the above statement, suggesting that the ALJ found that Plaintiff satisfied the requirements of the introductory paragraph. Tr. 14-16. Moreover, "because the ALJ concluded that plaintiff has a severe impairment of mild mental retardation, plaintiff satisfies the requirement of the introductory paragraph of Listing 12.05." *Carwile v. Astrue*, Case No. 2:10cv456-SRW, 2011 WL 2601450, at *4, n.7 (M.D.

Ala. June 30, 2011) (citing DSM IV–TR, p. 41 ("The essential feature of Mental Retardation is significantly subaverage general intellectual functioning . . . that is accompanied by significant limitations in adaptive functioning[.]")). Additionally, Plaintiff presented educational records which reveal that Plaintiff attended special education classes (Tr. 254), and results from her school IQ tests reveal full scale IQ scores of 62, 54, and 61 at ages 7, 11, and 13, respectively. Tr. 248. There was also evidence that Plaintiff was considered a "non-reader" at age 13. Tr. 249, 250. And, while Plaintiff must also satisfy the diagnostic description of mental retardation found in the introductory paragraph of Listing 12.05, the United States Court of Appeals for the Eleventh Circuit has held that "there is a rebuttable presumption that a claimant manifested deficits in adaptive functioning before the age of 22 if the claimant established a valid IQ score between 60-70." *Grant v. Astrue*, 255 F. App'x 374, 375 (11th Cir. 2007) (citing *Hodges v. Barnhart*, 276 F.3d 1265, 1266 & 1268-69 (11th Cir. 2001)). Thus, in this case, Plaintiff clearly satisfies the introductory paragraph as she *has* in fact presented evidence that she manifested deficits in adaptive functioning before the age of 22.

As to the requirements of subparagraph C, "Defendant does not dispute that Plaintiff met the first prong of Listing 12.05C, because the ALJ accepted that she had IQ scores in the 60's, and found that she had medically determinable 'mild' mental retardation." Def.'s Br. (Doc. 15) at 8. However, Defendant contends that "substantial evidence supports the ALJ's finding that Plaintiff did not meet the second prong of Listing 12.05C, because she did not

have a physical or other mental impairment that imposed an additional and significant work-related limitation of function." *Id.* Thus, the only question before this court is whether or not Plaintiff satisfies the second prong of Listing 12.05C, *i.e.*, has presented evidence of "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05C.

In determining the second prong of subparagraph C, the ALJ must assess "the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits [a claimant's] physical or mental ability to do basic work activities, *i.e.*, is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)." 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.00A para. 4. Thus, if the ALJ determines that a claimant has a "severe impairment" as defined in Step 2 of the ALJ's evaluation, then subparagraph C's requirement of an "additional and significant work related limitation of function is satisfied." *See Carroll v. Astrue*, Case No. 1:08cv74-SRW, 2009 WL 1708073, at *1, n.2 (M.D. Ala. June 17, 2009) (citing 65 Fed. Reg. 50746 at 50754 (Aug. 21, 2000) ("In final listing 12.05C . . . we used the word 'an' before the word 'additional' to clarify that the additional impairment must be 'severe' in order to establish 'an additional and significant work-related limitation of function."); *id.* at 50772 ("We have always intended the phrase [significant work-related limitation of function] to mean that the other impairment is a 'severe' impairment, as defined in §§ 404.1520(c) and 416.920(c).")).

In evaluating, the subparagraph C criteria, the ALJ determined "the 'paragraph C' criteria of listing 12.05 are not met because[,] . . . [e]ven though [Plaintiff's] IQ scores were in the 60's[,] she does not have a physical or other mental impairment which would impose an additional and significant work-related limitation of function." Tr. 16. The problem with the ALJ's decision is that his determination that Plaintiff "does not have a physical or other mental impairment" directly conflicts with the his finding that Plaintiff suffers from the severe impairments of "major depression; mild mental retardation; and gastroesophageal reflux disease (GERD)." Tr. 14. In finding that these impairments are severe, the ALJ must also find that Plaintiff's impairments satisfy subparagraph C's requirement of "additional and significant work-related limitation of function." *See, e.g.*, *Carroll*, 2009 WL 1708073, at *2 (finding that the ALJ's "determination that Plaintiff 'does not have another impairment . . .'–directly conflicts with the ALJ's finding that plaintiff suffers from the severe impairment of hypertension"). As such, the ALJ erred in his determination that Plaintiff did not prove her impairments met Listing 12.05C. Moreover, because Plaintiff also meets the diagnostic description of mental retardation found in the introductory paragraph, Plaintiff meets the listing for mental reatardation, and is entitled to benefits.

Because Plaintiff has established that she meets the criteria for presumptive disability under Listing 12.05C, and because the Commissioner has not rebutted that presumption, the court finds that it is appropriate to reverse the decision of the Commissioner and award benefits. *See Nettles v. Astrue*, Case No. 3:08cv186-MHT, 2009 WL 3157227, at *6 (M.D.

Ala. Sept. 28, 2009); *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (holding that it is appropriate to reverse and remand "for an entry of an order awarding disability benefits where the Secretary has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." (citing *Bowen v. Heckler*, 748 F.2d 629, 635-36 (1984))).

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner with instructions that benefits be awarded to Plaintiff. A separate judgment will issue.

Done this 25th day of October, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE